UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

JORGE SALAMANCA, on his own behalf
and others similarly situated,

    Plaintiff,

v.

TNC (US) HOLDINGS, INC. f/k/a THE
NIELSEN COMPANY (US), INC.,
a Foreign Company

    Defendant.
_____/

## COMPLAINT

Plaintiff, JORGE SALAMANCA ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, TNC (US) HOLDINGS, INC. f/k/a THE NIELSEN COMPANY (US), INC., ("TNC") and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Broward County, Florida.

4. At all times material hereto TNC was a foreign company. Further, at all times material hereto, TNC was engaged in business in Florida, with a principal place of business in Florida.

5. TNC is a television rating company which provides analysis of consumer viewing behavior and demographic information to its clients. As a result of the products and services provided by TNC, two or more of its employees regularly handled and worked with goods and materials moved in or produced in commerce.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA. Specifically, Defendant purchased goods and equipment manufactured outside the State of Florida.

9. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. The additional persons who may become plaintiffs in this action are/were field representatives of Defendant, who held similar positions to Plaintiff, and who

worked in excess of forty (40) hours during one of more work weeks during the relevant time periods but who did not receive pay at one and a half times their regular rate for all of their hours worked in excess of forty (40).

12. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## STATEMENT OF FACTS

13. From approximately 2000 through the present, Plaintiff has been employed with Defendant as a field representative.

14. Although paid proper overtime for some of his overtime hours worked, Plaintiff was discouraged from documenting all of his overtime hours. Accordingly, Plaintiff seeks to recover his unpaid overtime compensation.

15. At various material times within the last 3 years, Plaintiff worked for Defendant in excess of forty (40) hours within a work week. Plaintiff's company issued phone includes a GPS tracking device; therefore, Defendant is in possession of or has access to the actual hours worked by Plaintiff.

16. During Plaintiff's employment, Defendant failed to compensate Plaintiff at the rate of one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the rate of one half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

17. Defendant has violated Title 29 U.S.C. §207 from at least 2000 to the present, and continuing to date, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period in which he was employed with Defendant;

b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) per work week as provided by the FLSA; and

18. Plaintiff has retained THE LAW OFFICES OF ROBERT RUBENSTEIN, P.A to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff realleges and reavers paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. From 2000 to the present, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one half times Plaintiff's regular rate of pay.

21. Plaintiff was, and is entitled to be paid at the statutory rate of one half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40).

22. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) per week, plus liquidated damages.

23. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

24. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with

respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

25. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) hours or more hours in a work week, Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

   c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiff pre-judgment interest; and

   f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## DECLARATORY RELIEF

26. Plaintiff adopts all allegations in paragraph 1 through 25.

27. Plaintiff and Defendant have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

28. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§2201-2202.

29. Plaintiff may obtain declaratory relief.

30. Defendant employed Plaintiff.

31. Defendant is an enterprise.

32. Defendant failed to pay Plaintiff for all hours worked.

33. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

34. Defendant did not rely upon a good faith defense.

35. Plaintiff is entitled to an equal amount of liquidated damages.

36. It is in the public interest to have these declarations of rights recorded.

37. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

38. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked over forty hours in a work week without receiving correct overtime compensation pursuant to the FLSA, Defendant has a legal duty to pay Plaintiff overtime compensation pursuant to the FLSA, Defendant failed to prove a good faith defense, Plaintiff is entitled to overtime compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

DATED this 25th day of May 2011.

Respectfully submitted,

Kelly Amritt
Florida Bar No.: 064879
LAW OFFICES OF ROBERT RUBENSTEIN, P.A.
2 South University Drive, Ste. 235
Plantation, Florida, 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787
Email: kelly@robertrubenstein.com