UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 11-61210-CIV-ZLOCH/Rosenbaum

JORGE SALAMANCA, on his own
behalf and others similarly situated,

    Plaintiff,

v.

THE NIELSEN COMPANY (US), LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, JORGE SALAMANCA, and Defendant, THE NIELSEN COMPANY (US), LLC, (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice. The Settlement Agreement between the parties is attached as Exhibit "A".

### I.   Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an

employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant, as well as any other claims arising out of his employment with Defendant. The proposed settlement arises out of an adversarial action brought by the Plaintiff against his employer.

The Parties agree that the instant action involves disputed issues. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendant discussed the Plaintiff's alleged

overtime hours and pay rate and formulated their own proposed settlement figures. The parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations. There was no coercion or undue influence asserted against either Party in reaching this settlement agreement.

### II.   Terms of Settlement

#### A.   Plaintiff's Recovery

Plaintiff has agreed to accept $23,700.00 to resolve this case. Plaintiff will receive $8,750.00, less applicable withholding amounts, as Actual Damages; $8,750.00 as Liquidated Damages; and $500.00 as consideration for a general release. Plaintiff initially estimated his damages to be $9,726.31 in Actual Damages ($19,452.63 including Liquidated Damages) as stated on Plaintiff's Statement of Claim. Subsequently, Defendant provided Plaintiff with applicable pay and time records. The Parties discussed revised damage calculations based on Plaintiff's maximum recovery. While Defendant continues to deny any liability in this matter, it will pay Plaintiff the damages as referenced above.

#### B.   Attorney's Fees/Costs.

Plaintiff's counsel will receive $5,700.00 in attorney's fees and costs. The Parties agree that this is a reasonable attorney's fee for the time expended in this case. This amount will fully satisfy Plaintiff's attorneys' fees and costs incurred in this matter.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice.

RESPECTFULLY SUBMITTED this 21st day of November 2011, by:

| s/ KELLY AMRITT | s/ CATHY J. BEVERIDGE |
|---|---|
| **Kelly Amritt, Esquire** | **Cathy J. Beveridge, Esq.** |
| FLBN: 0648779 | FLBN: 0831018 |
| Law Offices of Robert Rubenstein, P.A. | Fowler White Boggs Banker P.A. |
| 2 South University Drive, Suite 235 | 501 East Kennedy Blvd., Suite 1700 |
| Telephone: (954) 661-6000 | Tampa, FL 33602 |
| Facsimile: (954) 515-5787 | Telephone: (813) 228-7411 |
| Email: kelly@robertrubenstein.com | Facsimile: (813) 229-8313 |
| COUNSEL FOR PLAINTIFF | Email: cbeveridge@fowlerwhite.com |
| | COUNSEL FOR DEFENDANT |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participant: Cathy J. Beveridge, Esq., Fowler White Boggs Banker P.A., 501 East Kennedy Blvd., Suite 1700, Tampa, FL 33602, Email: cbeveridge@fowlerwhite.com, counsel for the Defendant, this 21st day of November, 2011.

s/ KELLY AMRITT
Kelly Amritt, Esquire

43604015v1