## SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE

THIS SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE (hereinafter "Agreement") is made and entered into this 14th day of November, 2011 by and between Jorge Salamanca (hereinafter "Salamanca" or "Plaintiff") and THE NIELSEN COMPANY (US), LLC, (hereinafter "the Company") (collectively hereinafter "the Parties").

## WITNESSETH

Plaintiff filed a Complaint that is currently pending in the Southern District of Florida, Ft. Lauderdale Division, Case No.: 11-61210-CIV-ZLOCH/Rosenbaum (hereinafter the "Lawsuit");

As set out below, Plaintiff and the Company desire to resolve fully and finally all differences Plaintiff may have against the Company and related parties, including those differences contained in the Lawsuit, and release all the claims;

In consideration of the following premises and mutual promises, covenants and agreements and valuable monies as consideration, Plaintiff and the Company agree as follows:

1. **Proceeds**:

   (a)  After the seven (7) day revocation period expires without revocation and the Court approves this Agreement and dismissal of this Lawsuit, the Company will deliver to Plaintiff's counsel checks for the gross total of Twenty-three Thousand Seven Hundred and 00/No Dollars ($23,700.00). This amount will be paid as set forth below:

   (i)  Plaintiff claims payment due for previously unreported overtime. To resolve this claim, the Company will pay Eight Thousand Seven Hundred Fifty and 00/100 ($8,750.00) to Salamanca. This amount will be subject to withholding for federal income tax, medicare, FICA and any other necessary deductions.

   (ii)  The Company will pay a second sum in the gross amount of Eight Thousand Seven Hundred Fifty and 00/100 ($8,750.00), as payment for Salamanca's alleged liquidated damages. This amount will not be subject to withholding.

   (iii)  The Company will pay a third sum in the gross amount of Five Hundred and 00/100 ($500.00) to Salamanca. This amount represents consideration for waiver of his Count II declaratory judgment claim and for Salamanca's execution of this Agreement, including the general release, and payment for any and all other damages, including any alleged compensatory and punitive damages. This amount constitutes a sum Salamanca would not otherwise be entitled to receive.

*I certify that I have read and understand this page.*   J. S.  *Initials*

(iv) The Company will pay attorneys' fees and costs in the amount of Five Thousand Seven Hundred and No/100 ($5,700.00) to the Law Offices of Robert Rubenstein, P.A. This amount will fully satisfy Salamanca's attorneys' fees and costs incurred in this Lawsuit.

(b) Plaintiff further agrees that should any of these payments be subject to any additional federal or state taxes (but not the employer's lawful share of taxes and withholding), he bears the sole and exclusive responsibility for paying such taxes, as well as any interest and penalties imposed by the Internal Revenue Service thereon, and he agrees to indemnify the Company to the extent that the Internal Revenue Service seeks to recover unpaid taxes, penalties, and/or interest from it or him on these payments.

(c) The payments described in "a" above shall constitute settlement of and full payment for all of Plaintiff's claims against the Company and Released Parties as defined below, including, but not limited to, damages, compensation, back and front pay, benefits, liquidated damages, punitive damages, exemplary damages, consequential damages, compensatory damages, damages for mental anguish, for loss of reputation and attorneys' fees and costs, though the Company specifically denies having been the cause of any claimed damage or injury to Plaintiff.

2. **Each Party To Bear Own Costs and Fees**. To the extent not described in this Agreement, the Parties shall bear his or its own costs, expert witness fees, attorneys' fees, and other expenses.

3. **General Release**. Plaintiff does irrevocably and unconditionally release and discharge the Company, its parents, subsidiaries, affiliates and any related companies or entities, and their respective past or present employees, owners, officers, directors, representatives, shareholders, attorneys, and agents, and their respective predecessors, successors and assigns and all Employee Pension Benefit Plans, as defined in the Employee Retirement Income Security Act ("ERISA") § 3(2), and Employee Welfare Benefit Plans, as defined in ERISA § 3(1), sponsored or administered by any of them, and their past and present directors, officers, representatives, shareholders, agents, employees, attorneys, sponsors, fiduciaries, advisors, third party administrators and their respective heirs, executors and administrators (hereafter "Released Parties") from and against any and all claims, demands, damages, liens, losses, actions or causes of action of whatsoever kind and character, known or unknown, fixed or contingent, which Plaintiff may have, or claim to have based upon events occurring up through and including the date of this Agreement, including, but not limited to, all claims which were asserted or could have been asserted in the Lawsuit and specifically any claim under the Age Discrimination in Employment Act ("ADEA"), Florida Civil Rights Act, Florida Whistleblower Act, Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1981 or 1983, the National Labor Relations Act (as amended, including any unfair labor practice charges), the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act, the Family Medial Leave Act, Florida Statutes Chapter 448, common law torts or contract, and all other federal, state, or local statutes or ordinances, including any retaliation claims.

*I certify that I have read and understand this page.* __AS.__ *Initials*

4.      **No Admission of Liability**. The Parties have entered into this Agreement in order to avoid the substantial costs, inconvenience and uncertainties of continued litigation. It is further understood that the Company denies that it has acted wrongfully towards Plaintiff and the execution of this Agreement shall not constitute an admission by the Company that it has violated any federal, state or local statute, ordinance, rule, regulation or common law or that any claim asserted by Plaintiff had any merit whatsoever.

5.      **Confidentiality**.

(a)     Plaintiff represents that he has not disclosed the negotiations for, or contents or provisions of, this Agreement, including, but not limited to, the amount or existence of the settlement, to anyone other than his wife and attorney(s), prior to the signing of this Agreement. Plaintiff, with full knowledge of the importance to Nielsen of his keeping this Agreement, including the existence of the settlement and the amount of the Settlement Funds to be paid to him, as strictly confidential, and with full recognition of the harm to Nielsen, should he violate or breach the confidentiality conditions and requirements herein, agrees to the following confidentiality conditions and requirements:

   (i)    Plaintiff shall not disclose, either directly or indirectly, any information whatsoever regarding any of the terms or the existence of this Agreement or of any claims Plaintiff had, has or may have had against any of the Released Parties to any person, entity or organization. Plaintiff will not disparage the Defendant regarding the subject matter of this Lawsuit. Plaintiff further agrees, to the fullest extent permitted by law, not to voluntarily cooperate with any individual or entity that is considering bringing a claim or pursuing a claim against any of the Released Parties and that he shall only discuss the matter with such individual or entity (or its attorney) under legal requirement such as while under subpoena. If a governmental entity, administrative agency, or other organization asserts a claim covered by this Agreement against the Defendant or any Released Party on Plaintiff's behalf, Plaintiff will inform them that all of his claims against the Defendant or Released Parties have been resolved to his full satisfaction, and he will request that the entity not pursue the matter further.

   (ii)   To any inquiries made by a person knowing that a dispute existed between the Parties, Plaintiff shall respond only and specifically as follows: "This matter has been resolved."

   (iii)  The only exceptions to Plaintiff's confidentiality obligations in this Agreement are that he may reveal terms of this Agreement in filings with the Court as part of this Lawsuit, as are necessary to comply with a request made by the Internal Revenue Service, as otherwise compelled by order of a court of competent jurisdiction, as necessary

*I certify that I have read and understand this page.*  ⎯J̲S̲ *Initials*

      to communicate in a privileged context with his <u>wife,</u> accountant, attorneys, or tax preparers/advisors for legitimate business purposes, and/or a Court of competent jurisdiction for the purposes of enforcing this Agreement. With the exception of the IRS or any Court, Plaintiff agrees to advise all individuals with whom he communicates about this Agreement pursuant to this paragraph of the confidentiality obligations contained herein, and he shall be legally responsible for the breach by any of these individuals of this confidentiality agreement.

   (iv) Plaintiff agrees that this promise of confidentiality is a material condition of this Agreement. Plaintiff recognizes and acknowledges that irreparable harm to Nielsen would result from his breaching the confidentiality conditions and requirements in Paragraph 5 of this Agreement and that monetary damages alone would not provide adequate relief for any such breach. Accordingly, in addition to any other remedy which may be available to Nielsen, if Plaintiff or his agents breach the confidentiality conditions and requirements in this paragraph, Plaintiff consents to the entering of an injunction by a court of competent jurisdiction enjoining him and his agents from any further breach of this Agreement.

  6. **Dismissal of Lawsuit**. The Parties will execute a Joint Motion for Approval of Settlement to request dismissal of the pending lawsuit. Plaintiff represents that he will immediately dismiss with prejudice any other lawsuits, claims or charges of wrongdoing, discrimination or unlawful conduct pending against the Company or Released Parties with any federal, state or local court or agency and that he will not institute any such actions or lawsuits against the Company or any of the Released Parties based upon events occurring up through and including the date of this Agreement.

  7. **No Assignment By Plaintiff**. Plaintiff warrants that he has not assigned, sold, subrogated, transferred or conveyed to anyone any actions, causes of action, claims or demands that he now has or ever had against the Company or Released Parties.

  8. **Waiver of Term, Provision, or Condition**. The waiver by any Party of a breach of any provision of this Agreement by any other Party shall not operate or be interpreted as a waiver of any later breach of that provision or any other provision.

  9. **Binding Effect of Agreement**. The rights and obligations of the Parties under this Agreement shall inure to the benefit of and shall be binding upon their heirs, successors and assigns.

  10. **Modifications**. This Agreement may not be altered, amended, modified, or terminated except by an instrument in writing executed by the Parties and/or their authorized representatives.

*I certify that I have read and understand this page.*    \_J S\_ *Initials*

11. **Voluntary Execution**. Plaintiff and the Company acknowledge that they have been represented by legal counsel of their own choice throughout all negotiations which preceded the execution of this Agreement and that they have executed this Agreement having had the benefit of the advice of such legal counsel and that they knowingly and voluntarily, of their own free will, without any duress, being fully informed and after due deliberation, accept the terms of and sign the same of his or its own free will.

12. **Entire Agreement**. The Parties represent and acknowledge that in executing this Agreement, that he or it does not rely and has not relied upon any representation or statement made by any party or the agents, representatives or attorneys of any other party with regard to the subject matter, basis or effect of this Agreement. The Parties agree that this written Agreement constitutes the entire agreement between them.

13. **Governing Law**. This Agreement is made and entered into in the State of Florida, and shall be interpreted, construed, and enforced in accordance with the laws of the State of Florida and before the federal or state courts located in Florida. Should any party, including the Released Parties, need to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs, including on appeal.

14. **Severability**. The Parties agree that if any provision of this Agreement is held to be invalid, illegal or unenforceable, either legislatively or judicially, that provision will be severed from the Agreement, and the remainder of this Agreement will continue to be valid and enforceable, unless such determination of invalidity shall deprive any party of the substantial benefit of this bargain.

15. **Original Agreement**. This Agreement may be executed by the Parties in separate counterparts, each of which, including faxes, may be deemed to constitute an original.

16. **Breach of Agreement**. Plaintiff agrees to indemnify and hold the Company or any of the Released Parties harmless from and against any and all loss, cost, damage, or expense, including attorneys' fees, incurred by the Company or Released Parties out of any breach by Plaintiff of this Agreement. The Company and Released Parties will have the right to enforce this Agreement and to collect attorneys' fees and costs associated with such enforcement.

17. **Sufficient Time to Review Agreement**. Salamanca acknowledges that he will have a period of twenty-one (21) days within which to consider the execution of this Agreement and a period of seven (7) days following execution within which he may revoke this Agreement without penalty. He may only revoke this Agreement during the seven-day revocation period by providing written notice of such revocation via facsimile (813) 229-8313 and Certified Mail, return receipt requested to Cathy J. Beveridge at Fowler White Boggs, P.A., 501 E. Kennedy Blvd., Suite 1700, Tampa, FL 33602. The Company's obligations under this Agreement do not mature, and this Agreement will not become effective or enforceable, until the seven-day revocation period expires without revocation by Salamanca and the Court has approved the Parties' Joint Motion to Approve FLSA Settlement and For Dismissal With Prejudice.

*I certify that I have read and understand this page.*   *J.S.* *Initials*

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

IN WITNESS WHEREOF, and intending to be legally bound hereby, I have executed the foregoing SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE.

Executed at Plantation, Broward County, Florida, this 10 day of November, 2011.

_____
JORGE SALAMANCA

STATE OF Florida            )

COUNTY OF Broward    )

The foregoing instrument was acknowledged before me this November 10, 2011 by Jorge Salamanca.

_____
Signature of Notary Public,
State of Florida

My Commission Expires:

DORIS L. LOPEZ
MY COMMISSION # DD982775
EXPIRES: July 20, 2014
1-800-3-NOTARY   Fl. Notary Discount Assoc. Co.

*I certify that I have read and understand this page.* J.S. *Initials*

6 of 7

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

IN WITNESS WHEREOF, and intending to be legally bound hereby, I have executed the foregoing SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE.

Executed at  New York , New York  County, New York , this 14th day of November , 2011.

THE NIELSEN COMPANY (US), LLC

By: _____

Its: Vice President

STATE OF New York     )
COUNTY OF New York  )

The foregoing instrument was acknowledged before me this 14th November 2011, by James A. Ross.

_____
Signature of Notary Public,
State of New York

My Commission Expires: 6/11/15

43603818v1

MARK BORINO
Notary Public, State of New York
No. 01BO6059946
Qualified in Kings County
Commission Expires June 11, 20 15

*I certify that I have read and understand this page.*   J.S.  *Initials*